BALL v. NASHUA.

A vote of the city council that the proceeds from the sale of certain lots owned by the city be expended in the improvement of an adjacent common, after paying the sum of $1,700 into the city treasury, and that a condition be inserted in the deed of each lot when sold "that any house built on this lot shall cost not less than $2,500, shall be not less than two stories in height, and shall be set back not less than twenty-five feet from the front line of the lot, and shall be erected within three years from the delivery of the deed by the city," is not a contract with the purchasers of lots, of which they can enforce specific performance or claim damages for non-performance.

BILL IN EQUITY, for specific performance, alleging that the city of Nashua conveyed to the plaintiff a lot of land on Sargent's avenue in Nashua, October 14, 1872, the deed containing a condition "that any house built on said lot shall cost not less than $2,500, and shall be not less than two stories high, and shall be erected within three years of the delivery of this deed by the city, and in case of any failure of compliance or violation on the part of the grantee or his heirs or assigns, at any time hereafter, of any of the foregoing conditions, this conveyance shall become void, the premises hereby conveyed shall become forfeited, and shall be surrendered up to the city of Nashua to which in such case they shall revert;" that there were then nineteen lots on the northerly side of the avenue, on which there were no buildings; that the city council, on July 14, 1871, passed a resolution that a condition similar to that contained in the deed to the plaintiff should be inserted in every deed and conveyance of lots on the avenue, and that the entire avails from the sale of all lots on the avenue, excepting $1,700, should be expended on the common adjacent to beautify

and improve the same; that at an auction sale of lots by the city the auctioneer announced the terms of the resolution and that it had been adopted by the city government, and the plaintiff, relying upon the resolution and expecting it would be enforced, purchased a lot and paid $350 for it, and has since erected a house according to the terms and conditions of his deed; that other lots were sold to different parties about the same time and upon the same conditions, but the purchasers have not erected houses, and the city government instead of enforcing a forfeiture has granted extensions, so that the lots on the avenue, excepting three, remain vacant; that the city government, although they received about $4,800 from the sale of lots, did not expend the surplus in excess of $1,700 in improving the common; that in consequence of the defendants' neglect the plaintiff's property is of small comparative value by reason of the sparsely settled condition of the avenue, and he suffers great inconvenience from the fact that the street in winter is obstructed by snow and but little trodden, and there are no sidewalks, and no piping for gas or water. The defendants demurred.

*R. D. Barnes* and *A. F. Stevens*, for the defendants.

*J. B. Fassett*, for the plaintiff.

CLARK, J. The resolution, passed by the city council on the 14th of July, 1871, relating to the condition to be inserted in subsequent deeds of lots on Sargent's avenue, was not a contract with the future purchasers of the lots. It was intended merely as a guide and authority to the agents and officers of the city in making future sales and executing conveyances to purchasers. Neither was the vote to appropriate the proceeds of the sales in excess of $1,700 to the improvement of the common any part of the contract between the city and the plaintiff. That contract is contained in the plaintiff's deed; and the plaintiff's expectation, in the absence of any contract, that the money arising from the sale of lots would be appropriated according to the vote, cannot operate to attach to the conveyance a condition not inserted in the deed. *Dunham* v. *City of Boston*, 12 Allen 375. The condition inserted in his deed imposed an obligation upon him, but did not impose upon his grantor the obligations which he seeks to enforce.

*Demurrer sustained.*

STANLEY, J., did not sit: the others concurred.